IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Leon Walker, #92708, ) | |
| ) | Civil Action No. 6:06-2054-GRA-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden Stan Burtt, L. Carrington, ) | |
| D. Bailey, and Jon Ozmint, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the defendants' motion for summary judgment. The plaintiff, a state prisoner proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, alleging that the defendants have violated his constitutional rights by failing to enroll him in a work release program, improperly calculating his sentence, and refusing to transfer him to an open-ward facility.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

On March 2, 2007, the defendants filed a motion for summary judgment. By order filed March 5, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On April 18, 2007, the plaintiff filed a response to the motion.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of

the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The defendants first argue that the plaintiff has failed to exhaust his administrative remedies. However, for purposes of this motion, the court will assume that the plaintiff has exhausted his administrative remedies.

The plaintiff asserts constitutional claims regarding the conditions of his confinement, notably his particular housing assignment. The plaintiff alleges that his assignment to Kershaw Correctional Institution ("KCI") violates his constitutional rights because he has been diagnosed as claustrophobic. The defendants acknowledged the plaintiff's diagnosis of claustrophobia (def. m.s.j. 6). However, despite this diagnosis, the defendants submit that the plaintiff's assignment to KCI does not implicate a liberty interest and, consequently, the plaintiff cannot demonstrate a violation of any of his constitutional rights regarding his current housing assignment.

"To prevail on either procedural or substantive due process claim, inmates must first demonstrate that they were deprived of life, liberty, or property by governmental action." *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). It has been noted that the "due process clause protects against only the most egregious, arbitrary governmental conduct – that is, conduct that can be said to 'shock[ ] the conscience.'" *Patten v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001) (citation omitted). The clause is invoked only "when a Fourteenth Amendment-protected liberty interest is at stake." *Berrier v. Allen*, 951 F.2d 622, 624 (4th Cir. 1991). "Liberty interests protected by the Fourteenth Amendment may

3

arise from two sources – the Due Process Clause itself and the laws of the States. The Due Process Clause itself confers only a very limited range of protected liberty on inmates lawfully convicted and confined in prison. Its substantive protection extends only to punishment and conditions of confinement not contemplated by the original prison sentence." *Id.* The Supreme Court has recognized that the "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." However, these liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process clause of its own force … nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citations omitted).

There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); and *Lyons v. Clark*, 694 F. Supp. 184, 186-87 (E.D. Va. 1988) (collecting cases). It is known from other cases previously decided in this judicial district that South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. *See, e.g., Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)). In other words, since the plaintiff was committed by a Court of General Sessions to the custody of the South Carolina Department of Corrections, the choices of where and how the plaintiff is to be confined are to be determined by the South Carolina Department of Corrections.

The plaintiff also claims that the defendants have exhibited a deliberate indifference to his claustrophobia diagnosis and treatment, subjecting him to cruel and unusual punishment by refusing to honor a recommendation for his transfer to MacDougall

Correctional Institution, an open-ward facility. The plaintiff does not claim that he has suffered any pain, physical injury, or ailment due to his housing assignment. According to the plaintiff's medical records, after his transfer to KCI, he continued to receive mental health counseling. On September 21, 2006, the mental health worker who counseled the plaintiff noted that the plaintiff suffers from claustrophobia but does not exhibit any signs of anxiety. The mental health worker noted that the plaintiff may use his diagnosis to manipulate situations that he deems uncomfortable. The plaintiff did not complain of any anxiety symptoms after his transfer to KCI. Therapist Stephen Compton, who treated the plaintiff during his time at Lieber Correctional Institution, the more open environment of an open-ward facility like MacDougall would likely equate to less stress on the plaintiff and perhaps fewer panic attacks. However, such an assignment is not medically necessary for the treatment of his claustrophobia, as the plaintiff's treatment through counseling and medication has resulted in a marked decrease in reported anxiety symptoms (Compton aff. ¶¶17-18).

Deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable under 42 U.S.C. § 1983 as constituting cruel and unusual punishment contravening the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Id.* at 102. This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical services. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. To establish that a healthcare provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Rogers v. Evans*, 792 F.2d 1052, 1058 (5th Cir. 1986).

5

"Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999).

In order to establish that he has been subjected to cruel and unusual punishment, the plaintiff must prove that the deprivation of a basic human need was, objectively, sufficiently serious and that, subjectively, the officials acted with a sufficiently culpable state of mind. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.1993)(quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). What suffices as a serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Courts have traditionally attempted to avoid intervening and dictating the medical care of prisoners. As noted by the Fourth Circuit, courts should "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. . . .[which] remains a question of sound professional judgment." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977).

With respect to the subjective component of deliberate indifference, while an "express intent to inflict unnecessary pain is not required . . . [i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the cruel and unusual punishment clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Mere disagreement between an inmate and a physician over the appropriate form of treatment is not an actionable constitutional claim. *Wright v. Collins*, 766 F2d 841, 849 (4th Cir. 1975).

The crux of the plaintiff's argument focuses on the fact that he should be assigned to an open-ward facility because he has been diagnosed as claustrophobic. The plaintiff asserts that physicians within the Department have ordered that he be placed at MacDougall Correctional Institution, but this is incorrect. In his affidavit, Stephen Compton, a therapist who has treated the plaintiff for his phobia, explains that, based on the plaintiff's

phobic condition, a less restrictive environment could relieve some of his stress and be beneficial for him, but an assignment to an open-ward facility is not medically necessary. In fact, the plaintiff was doing very well managing his condition with medication and therapy while housed in other institutions. Further, the plaintiff's request for a transfer was granted, although not to the institution he requested. He was transferred to KCI because it had space available.

The plaintiff has failed to offer any evidence that he has suffered an emotional or physical injury due to his housing assignment. He has failed to show that he was denied a basic human need. The plaintiff alleges that he was denied a housing transfer, which he equates to a denial of medical care, but one of his own therapists has testified that this transfer, while recommended, was not and is not medically necessary. The plaintiff has not been denied medical care and cannot claim that a refused transfer request deprives him of a basic human need. The plaintiff has failed to demonstrate that any condition of his confinement violates the Eighth Amendment prohibition against cruel and unusual punishment.

Next, the plaintiff challenges the calculation of his sentence. The plaintiff alleges that the defendants have failed to properly apply his sentence credits and that his max-out date is incorrect. The plaintiff has brought this action under 42 U.S.C. § 1983, rather than as a petition for writ of habeas corpus. The defendants argue that the plaintiff may challenge only the calculation of sentence-related credits and the duration of his sentence by means of a habeas petition. The United States Supreme Court has held that a prisoner in state custody cannot use a Section 1983 action to challenge "the fact or duration of his confinement" and seeks either "immediate release from prison" or the "shortening" of his term of confinement. *Preiser v. Rodriquez*, 411 U.S. 475, 482, 489 (1973). "He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). The Fourth Circuit has also held that an

action seeking the restoration of sentence-related credits, such as good-time credits, may not be brought as a Section 1983 action but rather such relief is only available through a habeas petition after all state judicial remedies are exhausted. *See Kirby v. Blackledge*, 530 F.2d 583, 587 (4th Cir. 1976); *Todd v. Baskerville*, 712 F.2d 70, 71-72 (4th Cir. 1983).

Furthermore, the record shows that the plaintiff has received all proper credits and that his sentence has been calculated correctly. As stated in the respondent's brief to the plaintiff's ALC appeal, Docket No. 06-ALJ-04-00226-AP, the plaintiff is currently serving a four year and six month sentence imposed on September 8, 2004 (Coleman aff., ex. A). In his complaint, the plaintiff does not specify what credits he alleges are due to him, for which dates he claims credit is owed, or how each of the named defendants personally participated in his sentence calculation. Further, it appears that the plaintiff has been credited for time served on his sentence as ordered by the sentencing judge, and the plaintiff has not come forward with evidence showing otherwise. Based upon the foregoing, this claim fails.

Lastly, the plaintiff asserts in his complaint that his constitutional rights have been violated by the denial of access to work release programs. In his prayer for relief, the plaintiff seeks an order granting him access to pre-release or work release programs. The plaintiff claims that participation in these programs is a part of his prison sentence. However, there is nothing in the plaintiff's indictment or sentencing records that mandates participation in any work release program. Moreover, the lack of access to work release and other such programs does not state a viable constitutional claim. In an order on motions for summary judgment in *Bowman v. Beasley*, C.A. No. 0:98-3716-CMC, the Honorable Cameron Currie, United States District Judge, wrote:

> Plaintiffs also cannot establish a protected property or liberty interest in their participation in work release and other Department programs. The Fourth Circuit has held that there is no constitutional right to work assignments while in prison. *Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir.) *cert. denied*, 435

> U.S. 109 (1978). In addition, under South Carolina law, participation in a work release program has been held to be a privilege as opposed to an enforceable right. *Quillian v. Evatt*, 445 S.E.2d 639, 640 (S.C. Ct. App. 1994). Accordingly, Plaintiffs' Procedural Due Process claims fail.

*See* Order in *Bowman v. Beasley*, C.A. No. 0:98-3716-CMC, p. 7 (Sept. 29, 2000). Based upon the foregoing, this claim fails.

### **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the defendants' motion for summary judgment be granted.

```
                                    _____
                                    WILLIAM M. CATOE
                                    UNITED STATES MAGISTRATE JUDGE
```

September 4, 2007

Greenville, South Carolina